J. Christopher Jorgensen (SBN 5382)
E-mail: cjorgensen@lrrc.com
Matthew W. Park (SBN 12062)
E-mail: mpark@lrrc.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169
Tel: 702.949.8200
Fax: 702.949.8398

*Attorneys for Defendant Georgia-Pacific LLC,
incorrectly named in caption as Georgia-Pacific Corporation*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD SUMNER and SARAH SUMNER, his wife,<br><br>                   Plaintiffs,<br><br>vs.<br><br>BORGWARNER MORSE TEC, INC., as successor-by-merger to BORG-WARNER CORPORATION; CBS CORPORATION, a Delaware Corporation f/k/a VIACOM, INC., successor-by-merger to CBS CORP., a Pennsylvania Corp. f/k/a WESTINGHOUSE ELECTRIC CORP.; CERTAINTEED CORPORATION, a Pennsylvania Corp.; CRANE CO., a Connecticut Corp.; CRANE CO., individually and for its subsidiary, DIXIE-NARCO, INC., a Connecticut Corp.; DAP, INC., a Maryland Corp.; ELECTROLUX HOME PRODUCTS, INC., a Georgia Corp.; ENVIRONMENTAL ASBESTOS & LEAD KLEAN-UP, a Nevada Corp.; GENERAL ELECTRIC COMPANY, a Connecticut Corp.; GEORGIA-PACIFIC CORPORATION, a Georgia Corp.; GENUINE PARTS COMPANY OF NEVADA, a Nevada Corp.; HONEYWELL INTERNATIONAL, INC., a New Jersey Corp.; METROPOLITAN LIFE INSURANCE COMPANY, a New York Corp.; PNEUMO ABEX, LLC, a New Jersey Corp.; SEARS, ROEBUCK & CO., a Illinois Corp.; TRANE US, INC. f/k/a AMERICAN STANDARD, INC., a North Carolina Corp.; UNION CARBIDE CORPORATION, a Texas Corp.; WHIRLPOOL CORPORATION, individually and as successor-in-interest to ADMIRAL, a Michigan Corp.; WHIRLPOOL | CASE NO.:<br><br>**JOINT NOTICE OF REMOVAL**<br><br>**(Clark County District Court Case No. A-15-716039-C)** |

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7 | CORPORATION, individually and as successor-in-interest to JENN-AIR, a Michigan Corp.; WHIRLPOOL CORPORATION, individually and as successor-in-interest to KITCHENAID, a Michigan Corp.; WHIRLPOOL CORPORATION, individually and as successor-in-interest to MAYTAG CORPORATION, a Michigan Corp.; DOES I through XX; ROE CORPORATIONS XXI through XL,<br><br>                                        Defendants. |

The remaining Defendants in this matter, CBS Corporation, Electrolux Home Products, Inc., General Electric Company, Georgia-Pacific LLC (incorrectly sued as Georgia-Pacific Corporation), Honeywell International, Metropolitan Life Insurance Company, Trane U.S., Inc., and Whirlpool Corporation (collectively "Defendants") jointly remove this action from the Eighth Judicial District Court, Clark County, Nevada to the United States District Court for the District of Nevada. This Court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1441.

### I.  Procedural History of the State Court Action

a.  The above-entitled action was commenced in the Eighth Judicial District Court, Clark County, Nevada, and is now pending in that Court under the designated Case No. A-15-716039-C, Department XII.

b.  Defendants do not dispute that they received service of process regarding the operative[1] Second Amended Complaint, which was filed September 15, 2015.

c.  This is an asbestos product liability dispute. (Ex. 1, Second Amended Complaint ("Compl.")). Plaintiffs allege that Mr. Sumner was exposed to asbestos while working various jobs in both Nevada and Michigan, and this exposure allegedly caused him to contract mesothelioma. Defendants are product manufacturers that deny Plaintiffs' claims.

d.  Plaintiffs originally sued two Nevada defendants – Environmental Asbestos & Lead Klean-Up ("Environmental") and Genuine Parts Company of Nevada ("Genuine Parts"). On information and belief, Environmental was never served because it was dissolved as a Nevada

---

[1] The original Complaint was filed on March 27, 2015, and a First Amended Complaint was filed on May 15, 2015.

7365081_1                                       2

corporation in 2011. (Ex. 2, Nevada Secretary of State Business Entity Record). Genuine Parts prevailed on its early motion for summary judgment on January 28, 2016. (Ex. 3, Notice of Entry of Order Granting Motion for Summary Judgment). Once Genuine Parts was dismissed from this action, the parties were diverse and this case became removable.

   e. Plaintiffs sued the Defendants in the Eighth Judicial District, Clark County, District Court. The Second Amended Complaint appears to state three causes of action against all Defendants: (1) negligence (Ex. 1, Compl. ¶¶ 27-33); (2) strict liability (*Id.* at ¶¶ 34-37); and (3) loss of consortium (*Id.* at ¶¶ 39-42).

   f. Removal is timely under 28 U.S.C. § 1446(b) because it is being filed within 30 days of when this matter became diverse and removable. This Court has diversity jurisdiction under 28 U.S.C. § 1332 over the Defendants. Finally, the amount in controversy alleged in this matter exceeds $75,000. *See* 28 U.S.C. § 1446(c)(2)(B); *Sanchez v. Monumental Life Ins. Co.*, 102 F.2d 398, 404 (9th Cir. 1996).

## II. This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332.

### A. There is Diversity of Citizenship

   a. Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is between citizens of different states.

   b. Plaintiffs Sarah Sumner and her husband Gerald Sumner allege that they are residents of Clark County, Nevada. Upon information and belief, the Sumners are citizens of Nevada. (Ex. 1, Compl. ¶ 1.)

   c. Defendants are all foreign entities from states other than Nevada.

   d. Defendant CBS Corporation, f/k/a Viacom, Inc., successor by merger to CBS Corp., f/k/a Westinghouse Electric Corp. is a Delaware corporation and has its principal place of business at 51 West 52nd Street, New York, New York for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 3.)

   e. Defendant Electrolux Home Products, Inc., is a Delaware corporation and has its principal place of business at 10200 David Taylor Drive, Charlotte, North Carolina 28262 for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 8.)

  f. Defendant General Electric Company, is a New York corporation and has its principal place of business at 3135 Easton Turnpike, Fairfield, Connecticut 06828-0001 for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 10.)

  g. Defendant Georgia-Pacific LLC, a Delaware LLC, is wholly owned by Georgia-Pacific Holdings, LLC, a Delaware limited liability company. Georgia-Pacific Holdings, LLC is wholly owned by Georgia-Pacific Equity Holdings LLC, a Delaware limited liability company. Georgia-Pacific Equity Holdings LLC is wholly owned by Koch Renewable Resources, LLC, a Delaware limited liability company. Koch Renewable Resources, LLC is wholly owned by Koch Industries, Inc., a Kansas corporation with its principal place of business at 4111 E 37th St. N. Wichita, Kansas 67220 for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 11.)

  h. Defendant Honeywell International, Inc., has its principal place of business in the state of New Jersey and is a Delaware corporation for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at Compl. ¶ 13.)

  i. Defendant Metropolitan Life Insurance Company, has its principal place of business in New York and is a New York corporation for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 14.)

  j. Defendant Whirlpool Corporation, individually and as successor to Admiral, Jenn-Air, KitchenAid, and Maytag Corporation, is incorporated in Delaware and has its principal place of business at 2000 N. M-63 Benton Harbor, Michigan 49022-2692 for purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶¶ 19-22.)

  k. Defendant Trane U.S., Inc., has its North American principal place of business at 800-E Beaty Street, Davidson, North Carolina 28036, and is incorporated in North Carolina for the purposes of diversity citizenship. Plaintiff agrees that it is a foreign corporation. (*Id.* at ¶ 17.)

  l. Plaintiffs name "Does I through XX" and "Roes XXI through XL" as party defendants as well. (*Id.* at ¶¶ 23-24.) However, pursuant to 28 U.S.C. § 1441(a), the citizenship of defendants sued under fictitious names is disregarded. Thus, the citizenship of the "Doe" and "Roe" defendants named in the Complaint is not germane for the purposes of removal jurisdiction.

**B. The Amount in Controversy Exceeds $75,000**

a.  Diversity jurisdiction under 28 U.S.C. § 1332 exists because this action is diverse and the amount in controversy exceeds $75,000. The removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997).

b.  If it is "'facially apparent' from the complaint that the plaintiff seeks damages sufficient to create federal jurisdiction, then the case should be remanded 'only if it appears to a legal certainty that the claim is actually for less than the jurisdictional minimum.'" *Davis v. Advanced Care Techs., Inc.*, 2007 U.S. Dist. LEXIS 32348 at *3 (E.D. Cal. 2007) (quoting *Singer*, 116 F.3d at 376); *see also Campbell v. Bridgestone/Firestone, Inc.*, 2006 U.S. Dist. LEXIS 16113 at *7 (E.D. Cal. 2006) (in products liability suit, amount-in-controversy requirement was satisfied where plaintiff sought unspecified amount of compensatory damages for wage loss, hospital and medical expenses, general damages, and loss of earning capacity); *Yong v. Hyatt Regency Sacramento*, 2007 U.S. Dist. LEXIS 9492 at *3-4 (E.D. Cal. 2007) (where plaintiff asserted a discrimination claim seeking "compensatory damages, emotional distress damages, punitive damages, and attorney's fees," the amount in controversy was well above the jurisdictional requirement solely "by nature of [the plaintiff's] claims").

c.  Here, given the allegation that Plaintiff Gerald Sumner's mesothelioma has "disabled and disfigured the Plaintiff" requiring him to "expend and become liable for large sums of monies for hospital medical and other health care services" and to "experience great physical pain and mental anguish" which "prevented [him] from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him," it is facially apparent from Plaintiff's complaint that the amount in controversy exceeds $75,000. (Ex. 1, Compl. at ¶ 31).

d.  In addition, Plaintiffs seek damages under both their negligence and strict liability causes of action for "significant and severe injuries to his body resulting in significant expenses for past and future medical treatment, as well as incurred a substantial loss of earnings, as well as

non-economic damages, all of which are permanent in nature" in excess of $10,000. (Ex. 1, Compl. ¶ 32, *see also* ¶ 36.)

  e. Moreover, preliminary discovery reveals that Plaintiffs' past medical bills already total hundreds of thousands of dollars. Specific to the $75,000 jurisdictional amount, one of Plaintiff Gerald Sumner's medical bills from Mountain View Hospital in Las Vegas totals approximately **$160,000**. (Ex. 4, Medical Bill Summary.)

  f. Plaintiff Sarah Sumner also seeks loss of consortium damages for "loss or impairment of the marital relationship with her husband in services, companionship, consortium, assistance, care, attention, protection, advice, guidance, support and/or sexual relations" as well as "damages for the mental anguish caused by her husband's pain and suffering." (Ex. 1, Compl. ¶¶ 40-41.)

  g. Plaintiffs also seek punitive damages under both their negligence and strict liability causes of action, stating Defendants are "guilty of oppression, fraud and/or malice, express or implied for which they should be held liable in punitive damages to Plaintiff." (Ex. 1, Compl. ¶ 33; *see also* ¶ 37.)

  h. Taking into account Plaintiffs' past medical bills, one of which is approximately $160,000, the alleged damages in this matter exceed the Court's minimum $75,000 jurisdictional amount. This amount is only multiplied by Plaintiffs' additional claims of emotional distress, loss of consortium and punitive damages.

### III. Removal is Timely

  a. Plaintiffs filed their operative, Second Amended Complaint in the Eighth Judicial District Court, Clark County, Nevada on September 15, 2015.

  b. The only viable Nevada Defendant, Genuine Parts, obtained their Notice of Entry of Order of Summary Judgment on January 28, 2016. At that time, the Plaintiffs and Defendants became completely diverse.

  c. Accordingly, as this notice is being filed on February 28, 2016, the removal is timely because it is filed within thirty days. *See* 28 U.S.C. §1446(b)(3) ("within thirty days after receipt by defendant…of a[n]…order…from which it may first be ascertained that the case is one

which is or has become removable.") Further, it is within one year of when the Plaintiffs originally commenced their state court action in March 2015.

### IV. Defendants Have Met All Other Requirements For Removal

    a.    This Court has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

    b.    Removal is proper pursuant to 28 U.S.C. § 1441.

    c.    Defendants have attached to this notice copies of all process, pleadings and orders served upon them prior to the filing of this Notice of Removal. (Ex. 5; *see also* Ex. 1, 2.)

    d.    Defendants have concurrently filed a copy of this notice in the Eight Judicial District Court, Clark County, Nevada, Department XII.

    e.    Defendants have contemporaneously served a copy of this notice upon Plaintiffs' counsel.

    f.    All of the remaining Defendants have consented to and join in this petition for removal. As proof of the same, this paper includes a signature from each Defendant, which follows.

    g.    Defendants reserve the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendants pray that this action be removed.

DATED this 26 day of February, 2016.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: _____
J. Christopher Jorgensen (SBN 5382)
Matthew W. Park (SBN 12062)
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996
*Attorneys for Defendant Georgia-Pacific LLC*

7365081_1

7

**CONSENT TO REMOVAL**

CBS CORPORATION hereby consents to removal of this action.

DATED this 26th day of February, 2016.

_____
Von Heinz
Lewis Roca Rothgerber Christie LLP

**CONSENT TO REMOVAL**

ELECTROLUX HOME PRODUCTS, INC. hereby consents to removal of this action.

DATED this 25TH day of February, 2016.

_____
Leann Sanders, Esq.
Alverson Taylor Mortensen & Sanders

**CONSENT TO REMOVAL**

GENERAL ELECTRIC COMPANY hereby consents to removal of this action.[2]

DATED this 26TH day of February, 2016.

_____
Chris Jorgensen, Esq.
Lewis Roca Rothgerber Christie LLP

**CONSENT TO REMOVAL**

HONEYWELL INTERNATIONAL hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Ryan J. Mandell, Esq.
Georgeson Angaran Chtd.

---

[2] A Substitution of Attorneys substituting Lewis Roca Rothgerber Christie LLP as attorneys for General Electric was filed on February 25, 2016.

**CONSENT TO REMOVAL**

CBS CORPORATION hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Von Heinz
Lewis Roca Rothgerber Christie LLP

**CONSENT TO REMOVAL**

ELECTROLUX HOME PRODUCTS, INC. hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Leann Sanders, Esq.
Alverson Taylor Mortensen & Sanders

**CONSENT TO REMOVAL**

GENERAL ELECTRIC COMPANY hereby consents to removal of this action.[2]

DATED this _____ day of February, 2016.

_____
Chris Jorgensen, Esq.
Lewis Roca Rothgerber Christie LLP

**CONSENT TO REMOVAL**

HONEYWELL INTERNATIONAL hereby consents to removal of this action.

DATED this 26 day of February, 2016.

_____
Ryan J. Mandell, Esq.
Georgeson Angaran Chtd.

---

[2] A Substitution of Attorneys substituting Lewis Roca Rothgerber Christie LLP as attorneys for General Electric was filed on February 25, 2016.

**CONSENT TO REMOVAL**

METROPOLITAN LIFE INSURANCE COMPANY hereby consents to removal of this action.

DATED this 25th day of February, 2016.

_____
Jacqueline N. Walton, Esq.
Reisman Sorokac

**CONSENT TO REMOVAL**

TRANE U.S. INC. hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Robert McCoy, Esq.
Kaempfer Crowell

**CONSENT TO REMOVAL**

WHIRLPOOL CORPORATION hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Greg W. Marsh, Esq.
Law Offices of Greg W. Marsh

**CONSENT TO REMOVAL**

METROPOLITAN LIFE INSURANCE COMPANY hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Jacqueline N. Walton, Esq.
Reisman Sorokac

**CONSENT TO REMOVAL**

TRANE U.S. INC. hereby consents to removal of this action.

DATED this 26th day of February, 2016.

_____
Robert McCoy, Esq.
Kaempfer Crowell

**CONSENT TO REMOVAL**

WHIRLPOOL CORPORATION hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Greg W. Marsh, Esq.
Law Offices of Greg W. Marsh

7365081_1                                    9

**CONSENT TO REMOVAL**

METROPOLITAN LIFE INSURANCE COMPANY hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Jacqueline N. Walton, Esq.
Reisman Sorokac

**CONSENT TO REMOVAL**

TRANE U.S. INC. hereby consents to removal of this action.

DATED this _____ day of February, 2016.

_____
Robert McCoy, Esq.
Kaempfer Crowell

**CONSENT TO REMOVAL**

WHIRLPOOL CORPORATION hereby consents to removal of this action.

DATED this 26TH day of February, 2016.

/s/ *[signature]*
_____
Greg W. Marsh, Esq.
Law Offices of Greg W. Marsh